IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DALE WAYNE BURKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:17-cv-786-GMB |
| ) | [WO] |
| SE INDEPENDENT DELIVERY ) | |
| SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Dale Wayne Burkett filed his complaint in the Circuit Court of Butler County, Alabama, on October 12, 2017. Doc. 1-4. He asserts several state-law claims arising out of a collision between his vehicle and a commercial truck in Butler County. Doc. 1-4 at 4. On November 16, 2017, Defendant SE Independent Delivery Services, Inc. ("SEIDS") removed the case to this court on the basis of federal question jurisdiction. Doc. 1. Defendants Progressive Specialty Insurance Company ("Progressive") and Stephen Lawson consented to the removal, *see* Docs. 1-2 & 5, and all defendants have answered the state-court complaint. *See* Docs. 3, 4 & 7. Now, Burkett seeks to remand the case to state court, contending that the prerequisites for federal question jurisdiction are not satisfied. Docs. 9 & 10. After careful consideration of the parties' submissions and the applicable law, it is ORDERED that the motion to remand (Doc. 9) is GRANTED, and this case is REMANDED to the Circuit Court of Butler County, Alabama.

### **I. FACTUAL AND PROCEDURAL BACKGROUND**

On January 12, 2017, Burkett was traveling westbound on Alabama Route 106 in

Butler County near the intersection with Interstate 65. Doc. 1-4 at 4. At the same time, Lawson was operating a commercial truck southbound on Interstate 65. Doc. 1-4 at 4. SEIDS employed Lawson and owned or leased the truck he was operating. Doc. 1-4 at 4–5. According to Burkett, Lawson negligently caused a collision of the SEIDS truck and Burkett's vehicle by failing to yield the right of way, causing Burkett serious injuries. Doc. 1-4 at 5. As a result, Burkett brought state-law claims for negligence and wantonness against Lawson; *respondeat superior* liability, negligent hiring, and negligence *per se* against SEIDS; and uninsured/underinsured motorist coverage against Progressive. Doc. 1-4 at 5–15.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). And because removal implicates significant federalism concerns, the court must construe the removal statutes narrowly and resolve all doubts in favor of remand. *See, e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). In addition, the removing defendant bears the burden of demonstrating the existence of federal jurisdiction. *See City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2010). When a removing defendant asserts a federal question under 28 U.S.C. § 1331 as the basis for the court's jurisdiction, courts apply the well-pleaded complaint rule. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). That is, a removing defendant must show that the plaintiff's "complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal

jurisdiction." *Id.*

The well-pleaded complaint serves as a hook for federal question jurisdiction in one of two ways. First, the complaint may directly state a federal cause of action. Second, even a state-law claim supports federal jurisdiction where it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Thus, federal jurisdiction is present when a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Where these requirements are satisfied, "jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable*, 545 U.S. at 313–14); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("We have . . . also noted that a case may arise under federal law where the vindication of a right under state law necessarily turned on some construction of federal law.") (citation and internal quotation marks omitted). However, the Supreme Court has been careful to note that these cases, known as substantial-federal-question cases, belong to a "special and small category." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

To begin, the court concludes that the resolution of a federal issue is necessary to Burkett's negligence *per se* claim. Negligence *per se* "arises from the premise that the

3

legislature may enact a statute that replaces the common-law standard of the reasonably prudent person with an absolute, required standard of care." *Parker Bldg. Serv. Co., Inc. v. Lightsey ex rel. Lightsey*, 925 So. 2d 927, 931–32 (Ala. 2005). In Alabama,

> [t]o establish negligence per se, a plaintiff must prove: (1) that the statute the defendant is charged with violating was enacted to protect a class of persons to which the plaintiff belonged; (2) that the plaintiff's injury was the kind of injury contemplated by the statute; (3) that the defendant violated the statute; and (4) that the defendant's violation of the statute proximately caused the plaintiff's injury.

*Dickinson v. Land Developers Const. Co., Inc.*, 882 So. 2d 291, 302 (Ala. 2003). Here, Burkett contends that SEIDS violated multiple Federal Motor Carrier Safety Regulations. *See* Doc. 1-4 at 12–13. Burkett specifically alleges that under these regulations SEIDS owed Burkett "a duty to determine the qualifications of its employees," both during the hiring process and by evaluating, training, and supervising employees on the job. Doc. 1-4 at 11–12. Burkett then lists 12 separate duties contained in the federal regulations that SEIDS is alleged to have violated, leading to the accident. *See* Doc. 1-4 at 12–13. Finally, Burkett asserts that he belongs to the class of persons for whom the federal regulations were intended to protect, and that his injuries were of the type the regulations were designed to prevent. *See* Doc. 1-4 at 13. Thus, Burkett has successfully pleaded the elements of a negligence *per se* claim, including a predicate violation of various federal regulations.

This court is not unique in concluding that a negligence *per se* claim hinging on a violation of federal law necessarily raises a federal issue, thus satisfying the first prong of the *Grable* inquiry. *See, e.g.*, *Phillips v. Town of Hebron*, 2017 WL 3387133, at *4 (D. Conn. Aug. 7, 2017) (holding that a negligence *per se* claim "necessarily raise[s] a federal question" when it relies on federal law to "define the duty at issue"); *Carmine v.*

4

*Poffenbarger*, 154 F. Supp. 3d 309, 317 (E.D. Va. 2015) ("Negligence *per se* alleging a violation of federal law as the source of duty and negligence is the paradigmatic example of a state claim with an embedded (though not necessarily significant) federal issue.") (citation and internal quotation marks omitted); *Stevenson v. Fort Worth & Western R.R. Co.*, 2015 WL 3884645, at *2 (N.D. Tex. June 24, 2015) (holding that state-law claims necessarily raise issues of federal law where negligence claims premised on violation of federal railroad statute and regulations). Because Burkett's negligence *per se* claim is premised on SEIDS' alleged violation of the Federal Motor Carrier Safety Regulations, the court concludes that this specific cause of action necessarily raises a federal issue.

This is only one of several requirements for federal jurisdiction, however, and in this case the substantiality and balance-of-power prongs of the *Grable* test are not satisfied. In *Merrell Dow* and *Grable*, the Supreme Court specifically addressed federal issues embedded in state-law negligence claims, reasoning that the mere presence of federal issues in state claims should not open the door to federal court. In *Merrell Dow*, the several state-law tort claims were predicated on alleged violations of the Federal Food, Drug, and Cosmetic Act ("FDCA"). *See Merrell Dow*, 478 U.S. at 804. Observing that the FDCA did not provide a private right of action, the Court concluded that "it would . . . flout, or at least undermine, congressional intent to conclude that federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation . . . is said to be a . . . 'proximate cause' under state law." *Id.* at 812. The Court went on to state that, given Congress' decision not to create a private right of action, "the presence of the federal issue as an element of the state tort is

not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Id.* at 815. Federal question jurisdiction was therefore lacking.

Nineteen years later, the Supreme Court clarified that federal jurisdiction does not require a private right of action under a federal statue, but that the absence of a private right of action is "evidence relevant to" a lack of jurisdiction. *Grable*, 545 U.S. at 318. Specifically, the presence or absence of a private right of action spoke to substantiality and the division of labor between state and federal courts, "[f]or if the [federal law] without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action." *Id.* Indeed, the Court in *Grable* concluded that "*Merrell Dow*'s analysis thus fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts." *Id.* at 319. *Grable* centered on a state-court quiet title action involving an interpretation of a federal tax statute's notice provision. *Id.* at 310–12. This presented the "rare state quiet title action" that would "involve contested issues of federal law." *Id.* As a result, federal jurisdiction over that case would not alter the division of labor or balance of power between the state and federal courts. *See id.* Given this fact, "and the clear interest the [parties had] in the availability of a federal forum," federal jurisdiction "over the dispositive and contested federal issue at the heart of the state-law title claim" was proper. *Id.*

SEIDS did not engage in a detailed analysis of *Merrell Dow* and *Grable* in its briefing of the motion to remand, likely because these holdings point decisively towards remand. Congress did not establish a private right of action for the Federal Motor Carrier

Safety Regulations, and thus jurisdiction over Burkett's state-law claims arising out of a motor vehicle accident would not "serve congressional purposes and the federal system." *Merrell Dow*, 478 U.S. at 815. Accordingly, the federal issues presented here, which do not involve a dispute over the meaning or applicability of the federal regulations, are not substantial enough to warrant federal jurisdiction. *See Coffman v. Dutch Farms, Inc.*, 2017 WL 1217238, at *3–4 (N.D. Ind. Feb. 24, 2017) (claimed violation of the Federal Motor Safety Carrier Regulations is not substantial enough to trigger federal jurisdiction); *Fochtman v. Rhino Energy, LLC*, 2013 WL 5701468, at *1–2 (E.D. Ky. Oct. 17, 2013) (concluding that an alleged violation of the Federal Motor Safety Carrier Regulations embedded in a negligence *per se* claim failed to satisfy the substantiality and balance-of-power prongs of the *Grable* test).

Furthermore, courts applying *Merrell Dow* and *Grable* have recognized a crucial distinction between primarily factual and legal inquiries. For example, the Eleventh Circuit in *Adventure Outdoors* noted this differentiation between "fact-bound and situation specific" issues and "a context-free inquiry into the meaning of a federal law." *See Adventure Outdoors*, 552 F.3d at 1299 (quoting *Empire Healthchoice*, 547 U.S. at 701, and *Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007)). As a result, the Eleventh Circuit concluded that the "resolution of pure issues of federal law provides the strongest basis for 'resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.'" *Id.* (quoting *Grable*, 545 U.S. at 312). Additionally, the Supreme Court in *Empire Healthchoice* focused (in light of the facts and analysis in *Grable*) on whether a federal agency was a party and whether resolution of the federal issue would

govern future cases. *See Empire Healthchoice*, 547 U.S. at 700–01.  Courts have also considered whether the federal government's "operations were affected by the federal issue." *E.g.*, *Waitz v. Yoon*, 2015 WL 11511577, at *3 (N.D. Ga. June 30, 2015).

On this basis, it is even more evident that there is no federal jurisdiction over this case.  The parties do not dispute the meaning of the regulations or their relevance under a negligence *per se* theory of liability.  Instead, the determination over whether SEIDS violated the Federal Motor Carrier Safety Regulations is a classically fact-specific inquiry.  Indeed, the defendants do not argue that this determination is crucially important to the federal system or affects the operations of the federal government in any way.  And like *Empire Healthchoice*, this case does not involve a federal agency seeking to enforce a federal right, nor will any resolution of federal law here govern federal cases prospectively.  Thus, "[t]his case cannot be squeezed into the slim category *Grable* exemplifies." *Empire Healthchoice*, 547 U.S. at 701.  Accordingly, the federal issue implicated by Burkett's suit is not substantial and assuming jurisdiction over this case would upset the balance of power and division of labor between the state and federal courts.  Remand is appropriate.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that the Motion to Remand (Doc. 9) is GRANTED, and this case is REMANDED to the Circuit Court of Butler County, Alabama.  The Clerk of Court is DIRECTED to take the steps necessary to effectuate the remand.

DONE this 28th day of February, 2018.

/s/ Gray M. Borden
_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE